UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA MOHLER and DAN REDDING,

Plaintiffs,

v.

NATIONWIDE GENERAL INSURANCE COMPANY,

Defendant.

C21-1357 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion to remand, docket no. 11, is GRANTED. At issue is whether the amount in controversy exceeds $75,000 for purposes of conferring diversity jurisdiction on the Court. See 28 U.S.C. § 1332(a). In removing the case, defendant Nationwide General Insurance Company ("Nationwide") relied on a settlement demand letter sent by plaintiffs' counsel on September 14, 2021.[1]  See Ex. D to Hanson Decl.

---

[1] Contrary to plaintiffs' assertion, Nationwide timely filed its Notice of Removal, docket no. 1, within thirty (30) days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3). Plaintiffs' initial pleading did not allege a claim under the Insurance Fair Conduct Act ("IFCA"), see Compl. (docket no. 1-2), and in the absence of an IFCA claim, the maximum amount that plaintiffs sought to recover was less than $75,000. Although the IFCA claim appeared in plaintiffs' Amended Complaint, docket no. 1-10, Nationwide first learned of it upon receiving the settlement demand letter, which arrived via email before service of the Amended Complaint was effectuated. See McLean Decl. at ¶¶ 3–5 (docket no. 13).

MINUTE ORDER - 1

(docket no. 11-1).  The settlement demand letter included the following summary of damages:

| Items in Demand Letter | Amounts |
|---|---:|
| Unpaid Food Costs | $8,000[2] |
| Withheld Depreciation | $2,826.91[2] |
| Appraisal Fee | $7,500 |
| Enhanced Damages under the CPA | $49,390.66[3] |
| Enhanced Damages under the IFCA | $49,390.66 |
| Emotional Damages for Insurance Bad Faith | $40,000 |
| Attorney Fees and Litigation Costs[4] | $18,350 |
| **Total** | **$175,458.23** |

For purposes of plaintiffs' settlement demand, enhanced damages were computed on the basis of the following components:

$14,248.14   Additional Living Expenses ("ALE"), which Nationwide paid on July 22, 2021, before being served with the original Complaint; see Ex. A to Hanson Decl. (docket no. 11-1);

$ 2,947.19   "accounting errors," which Nationwide paid on August 31, 2021, and as to which plaintiffs were unaware and had made no claim; see Plas.' Mot. at 3 (docket no. 11); and

$ 7,500.00   unpaid appraisal fees;

$24,695.33   resulting total, which if trebled would result in an increase of $49,390.66.

---

[2] According to plaintiffs, the $8,000 in unpaid food costs, as described in the demand letter, has not been incurred or tendered to Nationwide, and is not currently in dispute.  See Plas.' Mot. at 4 (docket no. 11).  In addition, the amount of withheld depreciation ($2,826.91) is not yet owed, but has already been paid, and was decided by an appraisal award that Nationwide has agreed to honor.  See id. at 3–4 & n.2.  Thus, these sums cannot be considered in determining the amount in controversy.

[3] This assessment is contrary to law; treble damages under Washington's Consumer Protection Act ("CPA") are capped at $25,000.  See RCW 19.86.090.

[4] Costs may not be considered in calculating the jurisdictional amount.  See 28 U.S.C. § 1332(a).

MINUTE ORDER - 2

The Court need not accept the figures set forth in the settlement demand if they do not reflect a "*reasonable* estimate" concerning plaintiffs' claims. See *Keodalah v. Allstate Ins. Co.*, No. C15-1412, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016) (emphasis in original, quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). In this matter, plaintiffs' calculations are not consistent with the standards governing IFCA claims. To award treble damages under IFCA, a court must find that the insurer "acted unreasonably in denying a claim for coverage or payment of benefits" or has violated an enumerated rule. See RCW 48.30.015(2). With respect to two of the three items on which "enhanced damages" were premised, namely ALE and "accounting errors," Nationwide provided the benefits either before learning of this litigation or in advance of plaintiffs asserting any deficiency in payments, and inclusion of those amounts in estimating "enhanced damages" is unsupported by IFCA itself. Rather, to the extent that plaintiffs may recover treble damages under both the CPA and IFCA, which the Court assumes for purposes of this jurisdictional analysis, see *Barnes v. Foremost Ins. Co.*, No. C11-1302, 2011 WL 13229076, at *2 n.2 (W.D. Wash. Oct. 3, 2011), the most they might receive would be $22,500 ($7,500 x 3) per statute. Another significant component of plaintiffs' settlement demand was $40,000 in emotional damages, which purportedly reflected 200 days of delay in repairing plaintiffs' kitchen, at a rate of $100 per plaintiff per day. Ex. D to Hanson Decl. (docket no. 11-1). Plaintiffs' counsel now characterizes this figure as an "optimistic guess" or a "bold and optimistic prediction" intended merely to "initiate bargaining" with a defendant that was likely starting from a position of offering no money to settle this case. See Plas.' Mot. at 4, 5, & 9 (docket no. 11). When, as here, a plaintiff disavows a settlement demand, such estimate of damages is insufficient, standing alone, to establish that the jurisdictional threshold has been met. See *Briest v. Knot Standard LLC*, No. CV 20-2519, 2020 WL 2572457, at *2 (C.D. Cal. May 20, 2020). With only $7,500 in actual damages, attorney fees of less than $18,350, and, at most, $37,500 in "enhanced damages" (treble damages of $45,000 minus $7,500 to avoid duplicative recovery) in dispute, the Court concludes that it lacks subject matter jurisdiction.

(2) This matter is REMANDED to the King County Superior Court, effective fourteen (14) days from the date of this Minute Order. The Court declines to award any attorney fees or costs incurred as a result of the removal of this action.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of November, 2021.

> Ravi Subramanian
> Clerk
>
> s/Gail Glass
> Deputy Clerk

MINUTE ORDER - 3